IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JONATHAN YANCEY, # 130582, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>PATRICE RICHIE, et al., )<br>)<br>Respondents. ) | CIVIL ACTION NO.<br>3:19-CV-259-WKW-CSC<br>[WO] |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Acting pro se, Alabama inmate Jonathan Yancey brings this petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2016 Lee County conviction and sentence for violations of the Alabama Sex Offender Registration and Community Notification Act ("ASORCNA"). Doc. 1.[1]

### I. BACKGROUND

In February 2016, a Lee County jury found Yancey, an adult sex offender as defined in ALA. CODE § 15-20A-4(1), guilty of two ASORCNA violations,[2] specifically, failing to notify law enforcement that he had transferred residences, in violation of ALA. CODE

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the Court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

[2] The ASORCNA, ALA. CODE § 15-20A-1, et seq., governs the legal registration and community notification requirements for adult sex offenders as defined in ALA. CODE § 15-20A-4(1) and is "applicable to every adult sex offender convicted of a sex offense as defined in [ALA. CODE] Section 15-20A-5, without regard to when his or her crime or crimes were committed or his or her duty to register arose." ALA. CODE § 15-20A-3.

§ 15-20A-10(c)(1), and maintaining a residence within 2,000 feet of a school, in violation of ALA. CODE § 15-20A-11. Doc. 10-8 at 1. On May 23, 2016, the trial court sentenced Yancey as a habitual felony offender to concurrent terms of 28 years' imprisonment for each conviction. *Id*.

Yancey appealed to the Alabama Court of Criminal Appeals, where his appellate counsel filed a no-merit *Anders* brief[3] stating he could find no arguable issues for appellate review. Doc. 15-1. The Alabama Court of Criminal Appeals issued an order notifying Yancey that his appellate counsel had filed a no-merit brief and allowing Yancey to submit any issues he wanted considered on appeal. Yancey filed a pro se brief presenting the claim that his appellate counsel rendered ineffective assistance by failing to ensure that a timely motion for new trial was filed. *See* Doc. 10-1 at 2. According to Yancey, a motion for new trial would have allowed him to raise certain issues regarding the alleged ineffective assistance of his trial counsel. *Id*.

On February 3, 2017, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Yancey's convictions and sentence. Doc. 10-1. Yancey did not apply for rehearing or file a petition for writ of certiorari with the Alabama Supreme Court. On February 22, 2017, the Alabama Court of Criminal Appeals issued a certificate of judgment. Doc. 10-2.

On October 3, 2017, Yancey filed a pro se petition in the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure. Doc. 15-3 at

---

[3] *Anders v. California*, 386 U.S. 738 (1967).

5–27. In the Rule 32 petition, Yancey claimed: (a) he was denied due process when the trial court's written sentencing order departed from the court's oral pronouncement of sentence; (b) his conviction under ASORCNA was unconstitutional because it violated the Ex Post Facto Clause; (c) the Constitution required a new trial, new sentencing proceedings, or other relief because, he said, his conviction was obtained in violation of the protection against double jeopardy; (d) newly discovered material facts existed that required his conviction and sentence to be vacated; and (e) he was denied effective assistance of counsel.

On April 17, 2018, the trial court issued a written order denying Yancey's Rule 32 petition. Doc. 15-3 at 58–62. Yancey appealed, and on August 3, 2018, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's judgment denying Yancey's Rule 32 petition. Doc. 10-3. Yancey applied for rehearing, which was overruled. Doc. 10-4. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on October 12, 2018. Docs. 10-5, 10-6. Yancey petitioned the U.S. Supreme Court for certiorari review, which was denied in February 2019. Doc. 1-1 at 42–43.

On March 7, 2019, Yancey initiated this habeas action by filing a § 2254 petition asserting the following claims:

> Ground One. He was denied due process when the trial court's written sentencing order departed from the court's oral pronouncement of sentence.
>
> Grounds Two and Three. The ASORCNA is unconstitutional as applied to him because it violates the U.S. Constitution's Ex Post Facto Clause.

>Ground Four. His conviction was obtained in violation of the protection against double jeopardy.
>
>Ground Five. He was denied effective assistance of counsel.

Doc. 1 at 5–12; Doc. 1-1 at 13–20.

Respondents argue Yancey's claims are procedurally defaulted, either because the last state court to review the claims clearly and expressly rejected the claims based on a procedural bar or because the claims were unexhausted in the state courts and Yancey cannot return to state court to exhaust them. Doc. 10 at 9–13. For the reasons that follow, it is the recommendation of the Magistrate Judge that Yancey's § 2254 petition be denied without an evidentiary hearing and that this case be dismissed with prejudice.

## II.  DISCUSSION

### A.  Procedural Default Doctrine

#### *1.  Exhaustion*

A petitioner must exhaust all available state-court remedies before filing a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Georgalis v. Dixon*, 776 F.2d 261, 262 (11th Cir. 1985). In particular, "[e]xhaustion requires that 'state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.'" *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (quoting *O'Sullivan*, 526 U.S. at 845). To exhaust a claim challenging a conviction and/or sentence issued by an Alabama state court, the petitioner must first present the claim to the state court, either through a direct appeal or a Rule 32 post-conviction petition and appeal

therefrom. *See Smith v. Jones,* 256 F.3d 1135, 1140–41 (11th Cir. 2001). Thereafter, the petitioner must seek rehearing in the Alabama Court of Criminal Appeals and file a petition for a writ of certiorari in the Alabama Supreme Court. *See id.*; Ala. R. App. P. 39, 40.

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

2.   ***Adequate and Independent State Grounds***

Federal habeas review may also be unavailable for claims that a state court has rejected on state procedural grounds. *Coleman*, 501 U.S. at 729. When a state prisoner fails to follow state procedural rules, thereby procedurally defaulting on a claim, the authority of federal courts to review the prisoner's state court criminal conviction is "severely restricted." *Johnson v. Singletary*, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar,

and that bar provides an adequate and independent state ground for denying relief."[4] *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see Marek v. Singletary*, 62 F.3d 1295, 1301–02 (11th Cir. 1995).

### 3.   *Exceptions to Procedural Default*

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995). Cause for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). Examples of such external impediments include a factual or legal basis for a claim not reasonably available, interference with the defense by government officials, or constitutionally ineffective assistance of counsel. *Murray*, 477 U.S. at 488. To establish prejudice, a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire

---

[4] The U.S. Supreme Court has stated:

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

[proceeding] with error of constitutional dimensions." *Id.* at 494 (internal quotations and emphasis omitted). Prisoners asserting actual innocence as a gateway to review of defaulted claims must establish that, in light of new evidence, "it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt."[5] *Schlup*, 513 U.S. at 327.

**B.      Yancey's Procedurally Defaulted Claims**

   *1.      Written Sentencing Order and Oral Pronouncement of Sentence*

Yancey claims (Ground One) that he was denied due process when the trial court's written sentencing order "departed from" the court's oral pronouncement of sentence. Doc. 1 at 5; Doc. 1-1 at 13–14. In this regard, Yancey argues that his 2016 sentence for violating the ASORCNA improperly increased his 1988 sentence for second-degree rape, the offense that qualified him as an adult sex offender under the ASORCNA.[6] *Id.*

---

[5] [T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). As the Supreme Court observed in *Schlup*:

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

[6] Yancey's argument in support of this claim is somewhat confusing. In some ways, it appears to be premised on alleged violations of the prohibitions against double jeopardy and ex post facto laws; i.e., that the sentence he received in 1988 for second-degree rape expired before he was charged with the ASORCNA violations for which he was convicted and sentenced in 2016, and, he seems to argue, he was convicted and sentenced twice for the same conduct and for conduct that was not an offense when he engaged it. Yancey suggests that the trial court improperly "changed" his 1988 sentence when it sentenced him for the ASORCNA violations in 2016. According to Yancey:

Continued…

Yancey raised this claim in his Rule 32 petition. Doc. 15-3 at 16–17. In its order denying Yancey's Rule 32 petition, the trial court addressed the claim and found it was without merit. Doc. 15-3 at 60–61. In its memorandum opinion affirming the trial court's judgment, the Alabama Court of Criminal Appeals held that Yancey abandoned this claim for purposes of appellate review by failing to pursue it in his appeal. Doc. 10-3 at 3 n.2. The Court of Criminal Appeals' application of this procedural bar to appellate review of Yancey's claim constituted an adequate and independent state procedural ground for denying relief. *Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989). This procedural bar is firmly established and regularly followed by Alabama appellate courts.[7] *See Ferguson v. State*, 13 So.3d 418, 436 (Ala. Crim. App. 2008) ("[C]laims presented in a Rule 32 petition but not argued in brief are deemed abandoned."); *Brownlee v. State*, 666 So.2d 91, 93 (Ala. Crim. App. 1995) ("We will not review issues not listed and argued in brief."); *Burks v. State*, 600 So.2d 374, 380 (Ala. Crim. App. 1991) ("Errors assigned and not argued will be treated as abandoned.") Moreover, when a state court has determined that a petitioner has "abandoned" a claim on collateral appeal, the Eleventh Circuit has found the claim to be

---

"The courts lost jurisdiction to open a case and change the sentence after '30th' day of the sentence pronounced by the judge [in 1988], and for Mr. Yancey to be put under this Act retroactively violated the due process of law, and the Alabama legislative body does not have jurisdiction to change the sentence pronounced by the judge, to increase the sentence pronounced by the judge, to increase the punishment after '30' days of the sentence . . . and by doing so violated The Ex Post Fact Clause of the United States Const. and the State of Alabama's Constitution."

Doc. 1-1 at 14.

[7] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default. *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

"procedurally barred for federal habeas purposes." *Sims v. Singletary*, 155 F.3d 1297, 1311 (11th Cir. 1998). This claim is therefore procedurally defaulted.[8]

Although afforded an opportunity by this Court to do so (Doc. 12), Yancey offers no valid grounds as cause excusing his procedural default of this claim. Yancey also fails to present a colorable claim of actual innocence as a gateway for review of his defaulted claim. While Yancey asserts that he is actually innocent (Doc. 13 at 10), he does so in wholly conclusory fashion. He points to no new reliable evidence that would lead any reasonable juror hearing it to find him not guilty, as required by *Schlup*. *See* 513 U.S. at 327. He merely asserts that he is innocent. But he does not support this assertion.

Because Yancey fails to demonstrate cause and prejudice or his actual innocence to excuse his procedural default, the claim that he abandoned in his appeal from the denial of his Rule 32 petition is foreclosed from federal habeas review.

### 2. *Unconstitutionality of ASORCNA: Ex Post Facto Clause*

Yancey claims (Grounds Two and Three) that the ASORCNA is unconstitutional as applied to him because it violates the U.S. Constitution's Ex Post Facto Clause. Doc. 1 at

---

[8] Because the Alabama Court of Criminal Appeals determined that Yancey abandoned this claim, Yancey did not present it through one complete round of state-court review and the claim is therefore unexhausted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Furthermore, any attempt to reassert this claim in state court would be futile as untimely and as previously asserted in a Rule 32 petition. Ala. R. Crim. P. 32.2(b) and (c).

6-8; Doc. 1-1 at 15–17. According to Yancey, the ASORCNA creates a greater punishment for his offense than was subject to when he committed his offense.[9] *Id.*

Yancey raised this claim as Grounds 2 and 3 in his Rule 32 petition. Doc. 15-3 at 18–20. In its order denying the Rule 32 petition, the trial court addressed these grounds and found Yancey's claim to be without merit. Doc. 15-3 at 61–62. In so finding, the trial court relied on the U.S. Supreme Court's decision in *Smith v. Doe*, 538 U.S. 84, 105–06 (2003), holding that Alaska's community notification regulations for adult sex offenders did not violate the prohibition against ex post facto laws and this Court's decision in *McGuire v. Strange*, 83 F. Supp. 3d 1231, 1269 (M.D. Ala. 2015), relying on *Smith* and finding that the ASORCNA as a whole is not "so punitive in purpose or effect as to negate the [Alabama] Legislature's stated [nonpunitive] intent," and thus the ASORCNA, as a whole, is not subject to an ex post facto challenge.[10] Doc. 15-3 at 61.

In its memorandum opinion affirming the trial court's denial of Yancey's Rule 32 petition, the Alabama Court of Criminal Appeals held that this claim was procedurally barred by Rules 32.2(a)(3) and (a)(5) of Alabama Rule of Criminal Procedure, because Yancey did not raise the claim at trial or on direct appeal. Doc. 10-3 at 3. The Court of

---

[9] Part of Yancey's argument here, particularly in Ground Three, is that his sentence was "illegal" Doc. 1-1 at 17. A reading of his argument reveals that he contends his sentence was illegal because, he says, it violated the Ex Post Facto Clause. *Id.*

[10] This Court found in *McGuire* that, while the ASORCNA's scheme as a whole is valid under the Ex Post Facto Clause, two limited parts of the Act—the requirements for (1) in-town homeless registrants to register (or check-in) on a weekly basis with two separate law-enforcement jurisdictions as provided by ALA. CODE § 15-20A-12(b) in conjunction with § 15-20A-4(13) and (2) all in-town registrants to complete travel-permit applications with two separate law-enforcement jurisdictions as provided by § 15-20A-15 in conjunction with § 15-20A-4(13)—were punitive to the extent that they violate the Ex Post Facto Clause. 83 F. Supp. 3d at 1269–70. Yancey was not convicted of violating either of those provisions.

Criminal Appeals' application of the procedural bar to this claim was an adequate and independent state procedural ground for denying relief. *See Harris*, 489 U.S. at 264 n.10. Furthermore, this procedural bar is firmly established and regularly followed by Alabama appellate courts. *See, e.g., Lee v. State*, 44 So.3d 1145, 1175 (Ala. Crim. App. 2009) (Rule 32.2(a)(3)); *Hooks v. State*, 21 So.3d 772, 794 (Ala. Crim. App. 2008) (Rules 32.2(a)(3) and (a)(5)); *Horsley v. State*, 675 So.2d 908, 909 (Ala. Crim. App. 1996) (Rules 32.2(a)(3) and (a)(5)); *see also Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) ("The district court correctly determined that the claims . . . are procedurally defaulted under Rules 32.2(a)(3) and (5) because they were not raised either at trial or on appeal."). Consequently, Yancey's claim here is procedurally defaulted.

Yancey comes forward with no valid grounds as cause excusing his procedural default of this claim, and he fails to present a colorable claim of actual innocence as a gateway for review of his defaulted claim. Because Yancey fails to demonstrate cause and prejudice or his actual innocence to excuse his procedural default, this claim is foreclosed from federal habeas review.

    3.    *Violation of Double Jeopardy*

Yancey claims (Ground Four) that his conviction was obtained in violation of the protection against double jeopardy. Doc. 1 at 10; Doc. 1-1 at 18–19. According to Yancey, his convictions for violating the ASORCNA are punishing him a second time for his 1988 conviction for second-degree rape. *Id*.

Yancey raised this claim as Ground 4 in his Rule 32 petition. Doc. 15-3 at 21–22. In its order denying Yancey's Rule 32 petition, the trial court addressed the claim and found

11

it lacked merit. Doc. 15-3 at 61. In its memorandum opinion affirming the trial court's denial of the Rule 32 petition, the Alabama Court of Criminal Appeals held this claim was procedurally barred by Ala. R. Crim. P 32.2(a)(3) and (a)(5) because Yancey did not raise the claim at trial or on direct appeal. Doc. 10-3 at 3. As with the previously discussed claim, the Court of Criminal Appeals' application of this procedural bar was an adequate and independent state procedural ground for denying relief. Because this procedural bar is firmly established and regularly followed by Alabama appellate courts, Yancey's claim is procedurally defaulted.

Yancey offers no valid grounds as cause excusing his procedural default, and he fails to present a colorable claim of actual innocence as a gateway for review. Because Yancey fails to demonstrate cause and prejudice or his actual innocence to excuse his procedural default, the claim is foreclosed from federal habeas review.

### 4.   *Ineffective Assistance of Counsel*

Finally, Yancey claims (Ground Five) that he was denied the effective assistance of counsel. Doc. 1 at 10; Doc. 1-1 at 20. In this regard, he argues that his counsel was ineffective for failing to present claims that his conviction under the ASORCNA violated the Ex Post Facto Clause and the protection against double jeopardy and was illegal. *Id.*

Yancey raised this claim as Ground 5 in his Rule 32 petition. Doc. 15-3 at 23. In its order denying Yancey's Rule 32 petition, the trial court addressed the claim and found it was meritless, reasoning that counsel could not be ineffective for failing to present meritless issues. Doc. 15-3 at 62. In its memorandum opinion affirming the trial court's denial of Yancey's Rule 32 petition, the Alabama Court of Criminal Appeals held that

Yancey abandoned this claim for purposes of appellate review by failing to pursue it in his appeal. Doc. 10-3 at 3 n.2. The Court of Criminal Appeals' application of this procedural bar constituted an adequate and independent state procedural ground for denying relief. Because this procedural bar is firmly established and regularly followed by Alabama appellate courts, Yancey's ineffective-assistance claim is procedurally defaulted.

Yancey comes forward with no valid grounds as cause excusing his procedural default, and he also fails to assert and demonstrate a colorable claim of actual innocence as a gateway for review of the defaulted claim. Because Yancey fails to demonstrate cause and prejudice or his actual innocence to excuse his procedural default, this claim is foreclosed from federal habeas review.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and that this case be DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the petitioner. The petitioner is DIRECTED to file any objections to this Recommendation by **April 25, 2022.** Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the petitioner objects. Frivolous, conclusive, or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a de novo determination by the District

Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 11th day of April, 2022.

/s/ Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE